**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW MOODY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ARVIZA,<br><br>Respondent. | No. 4:25-CV-01549<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 13, 2026**

Petitioner Andrew Moody, who is confined at the Federal Correctional Institution, Allenwood Medium, in White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, he challenges the sentencing calculations made by the Federal Bureau of Prisons (BOP) following a grant of clemency by former President Joseph R. Biden. For the reasons that follow, the Court will dismiss Moody's habeas petition.

## I. BACKGROUND

In May 2011, the United States District Court for the Southern District of New York sentenced Moody to a 60-month term of imprisonment for possession of a firearm in relation to a drug trafficking offense, 18 U.S.C. § 924(c) (case number

10-CR-1160, Count 3).[1] He was released from custody in June 2015 and began a five-year term of supervised release.[2]

Approximately three years later, Moody was arrested and detained on new federal drug and firearms charges in the Southern District of New York (case number 19-CR-112).[3] He was additionally detained for violations of his supervised release with respect to case number 10-CR-1160.[4]

On October 6, 2021, Moody was sentenced to a term of 180-months' incarceration for conspiracy to distribute and possess with intent to distribute cocaine, heroin, and marijuana, 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A) (case number 19-CR-112, Count 1).[5] This 180-month sentence was "to run consecutive with the (50 months) term of imprisonment imposed under 10 cr 1160," *i.e.*, the separate 50-month sentence imposed the same day for violating his supervised release in case number 10-CR-1160.[6] Accordingly, Moody's aggregate sentence for his new controlled substance charge and for violation of supervised release was 230 months' (or 19 years, 2 months') incarceration.

---

1 *See* Doc. 16-2 ¶ 4; Doc. 16-3 at 2-3; *United States v. Moody*, No. 1:10-cr-01160, Doc. 21 (S.D.N.Y. June 2, 2011).

2 *See* Doc. 16-11 at 7-8.

3 *See* Doc. 16-2 ¶ 5.

4 *Id.*

5 *See* Doc. 16-6 at 2-3; *United States v. Moody*, No. 1:19-cr-00112, Doc. 82 (S.D.N.Y. Oct. 6, 2021).

6 *Id.* at 3; Doc. 16-7 at 2-3.

On January 17, 2025, Moody received an Executive Grant of Clemency by former United States President Joseph R. Biden, which stated, "I hereby further commute to a term of **140 months' imprisonment** the sentence of imprisonment, for the offenses described to the Department of Justice, imposed upon each of the following named persons."[7] The list of following names includes Moody, along with his BOP register number.[8]

The sentencing dispute in this case concerns how this January 17, 2025 commutation is applied to Moody's October 6, 2021 sentences. Moody argues that his 230-month aggregate sentence for both offenses (drug conspiracy at 19-CR-112 and violation of supervised release at 10-CR-1160) was commuted to a term of 140 months' incarceration. Respondent, to the contrary, contends that the commutation applies only to the 180-month sentence imposed in case number 19-CR-112 for the offense of conspiracy to distribute and possess with intent to distribute controlled substances.[9] For this proposition, the government initially cited only a "Privileged & Confidential/ Predecisional/ Deliberative/ DRAFT" spreadsheet that was "located on the United States Department of Justice, Office of the Pardon Attorney

---

[7] *See* Doc. 16-8 at 13.
[8] *See id.*
[9] *See* Doc. 16 at 5-6, 11.

website."[10] Respondent provided a copy of this spreadsheet,[11] as well as a hyperlink to the Department of Justice, Office of the Pardon Attorney's website.[12]

However, the Court noted that other information on the Department of Justice, Office of the Pardon Attorney's website for President Biden's January 17, 2025 commutations contradicted Respondent's position. To wit: when following the hyperlink titled "View Recipient Details,"[13] Moody's commutation appears as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Andrew Moody | Southern District of New York | October 06, 2021 | 19 Years, 2 Months | 21:846,21:841(B)(1)A) CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE, HEROIN, AND MARIJUANA CT 1. 18:924 POSSESSION OF A FIREARM IN RELATION TO A DRUG TRAFFICKING OFFENSE CT 3. | 140 Months | Warrant 2 |

As reflected in this entry, the original sentence is 19 years, 2 months (or 230 months); the offenses include conspiracy to distribute and possess with intent to distribute controlled substances (Count 1) and possession of a firearm in relation to a drug trafficking event (Count 3); and the sentence has been commuted to 140 months.[14]

---

[10] *See id.*; Doc. 16-9 at 5.
[11] Doc. 16-9.
[12] *See* Doc. 16 at 5 (citing https://www.justice.gov/pardon/commutations-granted-president-joseph-biden-2021-2025#17-01-2025-commutation (last visited Oct. 7, 2026)).
[13] *See* https://www.justice.gov/pardon/january-17-2025-commutation-recipients, scroll to "Andrew Moody" (last visited Oct. 7, 2026).
[14] *See id.*

The Court thus observed that the above information on the federal government's own website regarding how the January 17, 2025 commutation applies to Moody's October 6, 2021 sentences conflicted with Respondent's position that "only the convictions for [conspiracy to distribute and possess with intent to distribute controlled substances] were commuted by the Clemency Order."[15] The Court further observed that the Executive Grant of Clemency was docketed by the United States on both of Moody's criminal cases, not just 19-CR-112.[16] Furthermore, on January 20, 2025, attorney Anthony L. Ricco (counsel for Moody) docketed a letter in case number 19-CR-112 reflecting his understanding that the Executive Grant of Clemency "reduced the aggregate term of 230 months previously imposed upon Andrew Moody to 140 months."[17]

The Court thus ordered the government to supplement their response to explain the inconsistencies between the information contained on the DOJ's spreadsheet and the information reflected on the government's website and on the criminal dockets.[18] Respondent timely responded.[19] Moody has not filed a reply or otherwise responded to the government's supplemental briefing, and the time to do so has passed. His Section 2241 petition is thus ripe for disposition.

---

15 Doc. 17 at 4 (quoting Doc. 16 at 5-6, 11).

16 *See Moody*, No. 1:10-cr-01160, Doc. 97 (S.D.N.Y. Jan. 17, 2025); *Moody*, No. 1:19-cr-00112, Doc. 95 (S.D.N.Y. Jan. 17, 2025).

17 *Moody*, No. 1:19-cr-00112, Doc. 94 (S.D.N.Y. Jan. 20, 2025).

18 *See* Doc. 17 at 5-6.

19 *See generally* Doc. 18.

## II. Discussion

As noted above, Moody's Section 2241 petition raises a sentencing-calculation dispute following his grant of clemency. Moody, however, failed to exhaust administrative remedies with the BOP, so the Court must dismiss his petition because it is barred from reviewing his claim on the merits.[20] Even assuming Moody had properly exhausted administrative remedies, his sentencing claim fails on the merits.

### A. Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[21] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[22]

The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment.[23] That process begins with an

---

20 *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

21 *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

22 *Moscato*, 98 F.3d at 761-62 (citations omitted)

23 *See generally* 28 C.F.R. §§ 542.10-.19.

informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[24]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[25] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[26] Exhaustion is likewise excused when it would be futile.[27] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[28]

According to undisputed record, Moody did not begin the BOP's administrative review process until after he had filed his Section 2241 petition. He filed his initial Administrative Remedy regarding his sentencing calculation dispute on August 28, 2025.[29] That remedy was denied by the Warden on September 5, 2025.[30]

---

24 *See id.* §§ 542.13-.15.

25 *See Moscato*, 98 F.3d at 761.

26 *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

27 *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

28 *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

29 *See* Doc. 16-12 ¶ 9; Doc. 16-13 at 7-8.

30 *See* Doc. 16-12 ¶ 9.

Moody timely appealed that denial to the Regional Director, but his appeal was rejected on procedural grounds for being illegible and incomplete.[31] Moody was given ten days to refile his appeal to cure the procedural defects, but he did not do so.[32] He likewise did not appeal to the General Counsel (often referred to as "Central Office").[33]

Moody has not alleged, much less established, a basis for excusing his failure to exhaust administrative remedies, nor has he claimed that exhaustion would be futile. Indeed, sentencing calculations are well within the purview of the BOP, which is best situated to address (and potentially correct) these issues in the first instance. Consequently, the Court must dismiss Moody's Section 2241 petition for failure to exhaust administrative remedies.[34]

### B. Merits of Sentencing Calculation Claim

Even if Moody had properly exhausted his sentencing calculation claim, that claim is likely meritless. As noted above, the gravamen of the dispute is whether the January 17, 2025 grant of clemency applies to Moody's aggregate 230-month sentence (for both the revocation conviction at 10-CR-1160 and the drug conspiracy conviction at 19-CR-112), or whether it applies only to his 180-month sentence for the drug offense conviction at 19-CR-112.

---

31 *Id.* ¶ 10.
32 *Id.* ¶¶ 10-11.
33 *Id.* ¶ 11.
34 *See Moscato*, 98 F.3d at 761.

Respondent's supplemental briefing and evidence has definitively answered this question. The January 17, 2025 commutations were granted to 2,490 individuals, separated into three "Warrants."[35] Moody's commutation appears in Warrant 2.[36]

Warrant 2, however, has an asterisk and explanatory note indicating that "Warrant 2 states that commutation is 'for offenses described to the Department of Justice.'"[37] The phrase "for offenses described to the Department of Justice" is a hyperlink, and when followed provides a database that specifically clarifies to which conviction or convictions the January 17, 2025 commutation applies.[38] This spreadsheet, provided by the Office of the Pardon Attorney to the Department of Justice, indicates that for Moody, the specific sentence commuted was limited to the 180-month sentence for the drug offenses in Count 1 of 19-CR-112; the Section 924(c) conviction in 10-CR-1160 is not listed under the commuted offenses.[39]

Moreover, Respondent notes that the conflicting information on the Department of Justice's web page for the January 17, 2025 commutation recipients

---

[35] *See* Doc. 18-1 ¶ 4; https://www.justice.gov/pardon/commutations-granted-president-joseph-biden-2021-2025#17-01-2025-commutation (last visited Oct. 7, 2026).

[36] *See* Doc. 18-1 ¶ 4; https://www.justice.gov/pardon/media/1385591/dl?inline, at p. 12 (last visited Oct. 7, 2026).

[37] *See* Doc. 18-1 ¶ 4; https://www.justice.gov/pardon/media/1385591/dl?inline, at p. 12 (last visited Oct. 7, 2026).

[38] *See* Doc. 18-1 ¶ 5; https://www.justice.gov/pardon/media/1387881/dl?inline (last visited Oct. 7, 2026).

[39] *See* Doc. 18-1 ¶ 5; Doc. 18-2 at 5; https://www.justice.gov/pardon/media/1387881/dl?inline (last visited Oct. 7, 2026).

also contains an explicit caveat stating, "The offenses listed are for informational purposes only, and may not correspond directly to the commutation grant given by the President."[40] Accordingly, that website's information does not control. Rather, the information contained in the database for Warrant 2 controls, meaning that the January 17, 2025 commutation applies only to Moody's 180-month sentence for the drug-offense conviction at Count 1 in case number 19-CR-112.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Moody's petition for a writ of habeas corpus. Even if the Court were to consider the petition on the merits, it would be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

[40] *See* Doc. 18-1 ¶ 7; https://www.justice.gov/pardon/january-17-2025-commutation-recipients (last visited Oct. 7, 2026).